**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

THE CITY OF PONTIAC RETIRED
EMPLOYEES ASSOCIATION, ET AL.

        Plaintiffs,                              CASE NO. 12-12830
v.                                                 HON. LAWRENCE P. ZATKOFF

LOUIS SCHIMMEL, CATHY SQUARE,
and CITY OF PONTIAC,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 2nd day of July, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order [dkt #2], which seeks the issuance of a temporary restraining order and preliminary injunctive relief. Defendants have received notice of Plaintiffs' Motion and have filed a response. In return, Plaintiffs filed a reply. The facts and legal arguments are adequately set forth in the parties' papers. Therefore, finding that the determination of Plaintiffs' request for a temporary restraining order will not be aided by oral argument, and pursuant to E.D. Mich. L. R. 7.1(f)(2), the Court has decided such request upon the papers submitted. For the reasons stated below, the

Court denies Plaintiffs' request for a temporary restraining order, but takes their request for preliminary injunctive relief under advisement until after entertaining oral argument on the issue.

## II. BACKGROUND

Plaintiffs include the City of Pontiac Retired Employees Association and several of its individual members.[1] Plaintiffs filed their Verified Complaint on June 27, 2012, along with the instant motion requesting a temporary restraining order and preliminary injunctive relief pursuant to Fed. R. Civ. P 65(b) to:

> (1) enjoin Defendants from implementing changes to Plaintiffs' health care benefits set to take effect on Sunday, July 1, 2012; and
>
> (2) reinstate health insurance coverage provided to Plaintiffs Medicare and pre-Medicare eligible retirees to the level of coverage prior to the December 2011 orders of Defendant Emergency Manager Louis Schimmel ("Emergency Manager") of Defendant City of Pontiac ("the City").

This case and the request for a temporary restraining order arise from changes made to the City's municipal retiree retirement plan. Beginning in December 2011, these changes began to take effect after the Emergency Manager modified the terms of collective bargaining agreements through a series of orders designed to quell the City's significant financial problems. Plaintiffs allege that all retirees covered by the retirement plan (as provided for in the collective bargaining agreements) have a right to health insurance benefits comparable to the benefits provided at the time of their retirement.

According to Plaintiffs, the health care benefit changes will impair the collective bargaining agreements in violation of Article 1, section 10 of the United States Constitution, will take Plaintiffs' property (*i.e.*, their health insurance) without due process of law in violation of

---

[1] The individual Plaintiffs comprise Delmer Anderson, Thomas Hunter, Henry Shoemaker, Yvette Talley, and Debra Woods.

2

the Fourteenth Amendment to the United States Constitution and the State of Michigan Constitution, and will cause a breach of Plaintiffs' contractual rights to receive health care. Plaintiffs further claim that even if the Emergency Manager's orders are found to not impair the contractual rights of Plaintiffs under Article 1, section 10 of the United States Constitution, his orders are preempted by Chapter 9 of the Federal Bankruptcy Code. Plaintiffs conclude that they will suffer irreparable harm on July 1, 2012, as a result.

### III.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992).

## IV. FINDINGS OF THE COURT

The Court has reviewed the parties' papers. The Court finds that Plaintiffs have not satisfied their burden to require this Court to grant Plaintiffs' request for a temporary restraining order. Even assuming there is a likelihood of success on the merits (which, in itself, is not clear at this point), it is, at best, debatable whether Plaintiffs will suffer any irreparable injury once the changes to their health care benefits take effect on July 1, 2012. Specifically, Plaintiffs allege that health insurance premiums will begin to be deducted from their pension checks on July 1, 2012, and, if individual Plaintiffs did not authorize such deductions, they would lose health insurance coverage. Plaintiffs, however, concede they have authorized the deductions under protest at this time, thus, ensuring they will not lose coverage on July 1, 2012. Pls. Br. at *7. To the extent Plaintiffs' health insurance coverage is reduced on July 1, 2012, any reduction in Plaintiffs' health insurance coverage has not been shown to cause irreparable injury at this time. Plaintiffs merely speculate as to the harm that *could* result.

Additionally, Plaintiffs state that effective July 1, 2012, "the City *will be allowed* to modify all existing health insurance coverage for pre-65/non-medicare retirees, and may even switch their plans, carriers and plan designs." Pls. Br. at *6 (emphasis added). Being allowed to modify the health insurance coverage, however, does not establish that Defendants will in fact modify the coverage. Most notably, even assuming that the coverage will be modified, Plaintiffs concede that the statute which provides for the Emergency Manager's powers permits temporary modification of collective bargaining agreements under certain, limited circumstances. Pls. Br. at *4. Plaintiffs have neither shown that the modification to Plaintiffs' health insurance coverage is permanent, nor that the Emergency Manager's changes to Plaintiffs' health insurance coverage are unwarranted given the City's current circumstances. Accordingly, Plaintiffs' Motion for a

4

Temporary Restraining Order [dkt #2] is DENIED to the extent it seeks a temporary restraining order.

### V.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for a Temporary Restraining Order [dkt #2] is DENIED to the extent it seeks a temporary restraining order.

IT IS FURTHER ORDERED that counsel for Plaintiffs and Defendants shall appear at 526 Water Street, Port Huron, Michigan, on **Tuesday, July 10, 2012, at 11:00 a.m.** for a hearing on whether the Court shall issue a preliminary injunction granting Plaintiffs' requested relief.

IT IS FURTHER ORDERED that Defendants may supplement their response to Plaintiffs' Motion that specifically addresses whether the Court should issue a preliminary injunction granting Plaintiffs' requested relief.  Defendants must file their supplemental response no later than **5:00 p.m. on Wednesday, July 4, 2012.**

IT IS FURTHER ORDERED that, if Plaintiffs want to file a reply to Defendants' supplemental response, Plaintiffs must file their reply no later than **5:00 p.m. on Friday, July 6, 2012.**

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

July 2, 2012